client and that he collected an attorney fee for representing a client in a workers' compensation claim without having the attorney fee approved by the Workers' Compensation Board.

In response to the complaint Bacon moved for permission to voluntarily surrender his license to practice law. Bacon stated as his reason for this motion that his competency as an attorney has been impaired as a result of legitimate medical drug addiction. The Special Master recommended the acceptance of the voluntary withdrawal and the State Disciplinary Board concurred in this recommendation with the express stipulation that Bacon may be readmitted to the State Bar of Georgia only upon his compliance with the reinstatement rules of the State Bar in effect at the time of his petition for reinstatement.

We have reviewed the record in this case and hold that the recommendation of the State Disciplinary Board should be approved. We therefore order that Bacon voluntarily surrender his license to practice law and that he may be readmitted to the State Bar of Georgia only upon the compliance with the reinstatement rules of the State Bar of Georgia in effect at the time of his petition for reinstatement.

*Voluntary withdrawal allowed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.

*William J. Neville,* for appellee.

## 38513. BOSWORTH v. COONEY.

SMITH, Justice.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*All the Justices concur.*

DECIDED SEPTEMBER 7, 1982.

Frank M. Bosworth, Jr., *pro se.*
*William J. Cooney, J. Patrick Claiborne,* for appellee.